IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


EMMA WASHINGTON,

                    Plaintiff,

vs.                                    Case No. 13-1147-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff
supplemental security income payments.  The matter has been
fully briefed by the parties.

## I.  General legal standards

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

    The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but
cannot, considering their age, education, and work experience,
engage in any other kind of substantial gainful work which
exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential
evaluation process to determine disability.  If at any step a
finding of disability or non-disability can be made, the
Commissioner will not review the claim further.  At step one,
the agency will find non-disability unless the claimant can show
that he or she is not working at a "substantial gainful
activity."  At step two, the agency will find non-disability
unless the claimant shows that he or she has a "severe
impairment," which is defined as any "impairment or combination
of impairments which significantly limits [the claimant's]
physical or mental ability to do basic work activities."  At
step three, the agency determines whether the impairment which
enabled the claimant to survive step two is on the list of
impairments presumed severe enough to render one disabled.  If
the claimant's impairment does not meet or equal a listed
impairment, the inquiry proceeds to step four, at which the
agency assesses whether the claimant can do his or her previous
work; unless the claimant shows that he or she cannot perform
their previous work, they are determined not to be disabled.  If
the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On December 16, 2011, administrative law judge (ALJ) Michael R. Dayton issued his decision (R. at 23-36). Plaintiff alleges that she had been disabled since February 3, 2008 (R. at 23). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the application date of

December 17, 2009 (R. at 25). At step two, the ALJ found that plaintiff had the following severe impairments: history of right ankle fracture status/post surgery, degenerative joint disease bilateral knees, adjustment disorder with anxiety and depressed mood, rule out diagnosis of posttraumatic stress disorder, personality disorder, borderline intellectual functioning (R. at 25). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 26). After determining plaintiff's RFC (R. at 27-28), the ALJ determined at step four that plaintiff has no past relevant work (R. at 34). At step five, the ALJ found that plaintiff could perform work that exists in significant numbers in the national economy (R. at 35). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 36).

## III. Are the ALJ's RFC findings supported by substantial evidence?

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the

ALJ must explain why the opinion was not adopted.  SSR 96-8p,
1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20
C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530
n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson
v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ
fails to provide a narrative discussion describing how the
evidence supports each conclusion, citing to specific medical
facts and nonmedical evidence, the court will conclude that his
RFC conclusions are not supported by substantial evidence.  See
Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July
28, 2003).  The ALJ's decision must be sufficiently articulated
so that it is capable of meaningful review; the ALJ is charged
with carefully considering all of the relevant evidence and
linking his findings to specific evidence.  Spicer v. Barnhart,
64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is
insufficient for the ALJ to only generally discuss the evidence,
but fail to relate that evidence to his conclusions.  Cruse v.
U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th
Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p
because he has not linked his RFC determination with specific
evidence in the record, the court cannot adequately assess
whether relevant evidence supports the ALJ's RFC determination.
Such bare conclusions are beyond meaningful judicial review.

Brown v. Commissioner of the Social Security Administration, 245
F. Supp.2d 1175, 1187 (D. Kan. 2003).

In his mental RFC findings, the ALJ stated that plaintiff
had the ability to understand and remember simple instructions,
to follow simple instructions, and to complete simple
instructions for an 8-hour workday, in a work environment that
requires only minimal social interaction, and occasional
interaction with the general public (R. at 28).  In support of
his findings, the ALJ stated that the mental RFC assessment of
Dr. Jessop was consistent with the evidence of record, including
the psychological evaluation and opinion of Dr. Allen; therefore
the opinions of Dr. Jessop were given "substantial" weight (R.
at 34).

Dr. Jessop found that plaintiff had moderate impairments in
the following categories:

> The ability to understand, remember, and
> carry out detailed instructions.
>
> The ability to maintain attention and
> concentration for extended periods.
>
> The ability to interact appropriately with
> the general public.
>
> The ability to accept instructions and
> respond appropriately to criticism from
> supervisors.

(R. at 397-398).  As noted above, the ALJ's mental RFC findings
limited plaintiff to understanding, remembering, following and

completing simple instructions, and only minimal social
interaction and occasional interaction with the general public.
However, without explanation, the ALJ did not include in his RFC
findings the opinions of Dr. Jessop that plaintiff was
moderately limited in the ability to maintain attention and
concentration for extended periods, and in the ability to accept
instructions and respond appropriately to criticism from
supervisors.  The failure to either include these limitations,
or explain why they were not included in the RFC findings, is
especially problematic in light of the fact that the ALJ
accorded "substantial" weight to his opinions.

As set forth above, if the RFC assessment conflicts with an
opinion from a medical source, the ALJ must explain why the
opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.  The
ALJ failed to do that regarding some of the opinions of Dr.
Jessop.

In the case of Martinez v. Astrue, 422 Fed. Appx. 719, 724-
725 (10th Cir. Apr. 26, 2011), the court held that the ALJ erred
by failing to include all of the limitations found by Dr.
LaGrand without explaining why he rejected some of the
limitations, especially in light of the ALJ's conclusion that
the medical source's opinion was entitled to "great weight."
The ALJ simply ignored certain limitations contained in the
medical report.  The court held that the ALJ may have had

reasons for giving great weight to some of the limitations set forth by the medical source, while rejecting other limitations. However, before rejecting some of the limitations, the ALJ was required to discuss why he did not include those limitations. An ALJ should explain why he rejected some limitations contained in a RFC assessment from a medical source while appearing to adopt other limitations contained in the assessment.  Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

Furthermore, even simple work can be ruled out by a vocational expert on the basis of a serious impairment in concentration and attention.  Moderate impairments may also decrease a claimant's ability to perform simple work.  Bowers v. Astrue, 271 Fed. Appx. 731, 733 (10th Cir. March 26, 2008); see Brosnahan v. Barnhart, 336 F.3d 671, 675 (8th Cir. 2003); Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996)(two medical opinions indicated that that claimant had moderate limitations in his ability to maintain attention and concentration for extended periods; the vocational expert testified that a moderate deficiency in concentration and persistence would cause problems on an ongoing daily basis regardless of what the job required from a physical or skill standpoint; the court rejected the Commissioner's contention that deficiencies in attention and concentration, along with other mental limitations, did not have

to be included in the hypothetical question because the question limited the claimant's capabilities to simple jobs).

In Wiederholt v. Barnhart, 121 Fed. Appx. 833, 839 (10th Cir. Feb. 8, 2005), the ALJ posed a hypothetical question that limited plaintiff to simple, unskilled work, and omitted from the hypothetical the ALJ's earlier and more specific findings that she had various mild and moderate restrictions.  The court held that the relatively broad, unspecified nature of the description "simple" and "unskilled" did not adequately incorporate additional, more specific findings regarding a claimant's mental impairments (including moderate difficulty in maintaining concentration, persistence, or pace), and therefore the hypothetical question was flawed.  Because of the flawed hypothetical, the court found that the VE's opinion that the claimant could perform other work was therefore not substantial evidence to support the ALJ's decision.

Despite giving "substantial" weight to the opinions of Dr. Jessop, the ALJ's decision failed to offer any explanation for not including some of the limitations contained in his mental assessment.  Furthermore, the ALJ stated that the opinions of Dr. Allen were given "considerable" weight to the extent that they were consistent with the ALJ's RFC findings (R. at 34).  Again, however, the ALJ failed to explain why he did not include

all of Dr. Allen's opinions in his RFC findings.[1]  The ALJ's decision fails to comply with SSR 96-8p and the case law because it does not explain why some of the medical source opinions were not included in the RFC findings.  It is also clear from the case law that the moderate limitations not included in the RFC findings may well impact plaintiff's ability to perform even simple jobs.  The ALJ clearly erred by giving "substantial" weight to the opinions of Dr. Jessop, but, without explanation, not including all of the limitations in his report in the ALJ's RFC findings.  The ALJ likewise erred by failing to explain why some of the limitations in Dr. Allen's report were included in the RFC findings, but not others.  On remand, the ALJ should either include all of the limitations in the assessments in the RFC findings, or, in the alternative, provide a legally sufficient explanation for not including these limitations in plaintiff's RFC findings.

**IV.  Did the ALJ err in his credibility analysis?**

Plaintiff also argues that the ALJ erred in his credibility analysis.  The court will not address this issue in detail because it may be affected by the ALJ's resolution of the case on remand after the ALJ further considers the medical source

---

[1] One of the opinions of Dr. Allen was that plaintiff may have some difficulty taking direction from supervisors (R. at 376).  This opinions is similar to the opinion of Dr. Jessop that plaintiff was moderately limited in accepting instructions and responding appropriately to criticism from supervisors (R. at 398).

opinion evidence and makes new RFC findings, as set forth above.

See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the
Commissioner is reversed and remanded pursuant to sentence four
of 42 U.S.C. § 405(g) for further proceedings consistent with
this memorandum and order.

Dated this 19th day of August 2014, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge